**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SHAWN PETTY,<br><br>      Plaintiff,<br><br>      v.<br><br>AMERICAN FEDERATION OF<br>GOVERNMENT EMPLOYEES,<br><br>      Defendant. | Civil Action No. 21-3161 (CKK) |

**MEMORANDUM OPINION**
(April 3, 2026)

This matter comes to the Court on Plaintiff Shawn Petty's [133] Motion for Preliminary Injunction Renewed. Mr. Petty seeks an order directing the American Federation of Government Employees ("AFGE") to (i) treat Mr. Perry as eligible to run in an upcoming AFGE election and (ii) provide Mr. Petty with voter information regarding the election. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court shall **DENY** Mr. Petty's [133] Motion for Preliminary Injunction Renewed

**I.[2]**

The Court assumes familiarity with the lengthy background and procedural history of this case, which have been set out in detail elsewhere. *See* Report and Recommendation of Magistrate Judge Upadhyaya, Dkt. No. 98 (recommending the Court deny Mr. Petty's July 2024 motion for

---

[1] The Court's consideration has focused on Plaintiff's Motion for Preliminary Injunction Renewed, Dkt. No. 133; Defendant's Opposition, Dkt. No. 135; Plaintiff's Reply, Dkt. No. 136; and previous filings in this matter identified in the body of this Memorandum Opinion.

[2] Although Plaintiff currently has an outstanding motion to file a second amended complaint, he represents in his Renewed Motion that his "present request for preliminary injunctive relief is based on the operative Amended Complaint, which contains all factual allegations necessary to establish this Court's jurisdiction and Plaintiff's entitlement to time-sensitive equitable relief." Pl.'s Mot., at 2. The Court shall therefore refer to the operative Amended Complaint, Dkt. No. 114, when considering the relevant facts.

1

preliminary injunction); Mem. Op., Dkt. No. 105 (adopting Magistrate Judge Upadhyaya's recommendation and denying Mr. Petty's motion for preliminary injunction).  An abbreviated discussion of these matters shall suffice here.

Mr. Petty is a member of the American Federation of Government Employees ("AFGE"), which is a national labor organization under federal law.  Am. Compl. ¶¶ 54–66.  On October 3, 2020, Mr. Petty was elected as a National Vice President ("NVP") for AFGE District 9.  *Id*. ¶ 58. On October 19, 2021, Mr. Petty and an unnamed female member of AFGE "engaged in brief, consensual, physical contact in the hospitality room of the Days Inn hotel after consuming free alcoholic drinks provided by an AFGE agent following a day long AFGE training event at the same hotel in Altus, Oklahoma."  *Id*. ¶ 28.

On October 25, 2021, AFGE National President Everett Kelley called Mr. Petty to inform him that the unnamed female had alleged that Mr. Petty sexually assaulted her.  *Id*. ¶ 33.  President Kelley told Mr. Petty that he "should immediately submit his resignation in the best interest of AFGE and his family."  *Id*. ¶ 34.  Mr. Petty resigned that same day.  *Id*. ¶ 117.  Then he tried to rescind his resignation a few days later.  *Id*. ¶ 38.  But President Kelley informed him that would not be possible.  *Id*. ¶¶ 39–42.

AFGE proceeded to hold a special election to fill the vacancy caused by Mr. Petty's resignation.  *Id*. ¶ 42.  On November 14, 2021, Mr. Petty announced that he would be a candidate. *Id*. ¶ 44.  The next day, President Kelley filed disciplinary charges against Mr. Petty.  *Id*. ¶ 45. This prompted Mr. Petty to bring the present action.  On December 8, 2021, Mr. Petty filed a motion for a temporary restraining order against AFGE to enjoin his disciplinary hearing and the planned special election.  *See* Dkt. No. 9.  The Court denied this motion, finding, among other

things, that Mr. Petty had failed to establish irreparable harm.  Order, Dkt. No. 28; Mem. Op., Dkt. No. 29.

After a hearing on Mr. Petty's disciplinary charges, an AFGE Trial Committee recommended that AFGE suspend Mr. Petty's AFGE membership for two years based on its finding that Mr. Petty engaged in "conduct unbecoming an AFGE officer and AFGE member" and "violated the AFGE Code of Conduct."  Am. Compl. ¶ 176.  The Trial Committee, however, "dismissed all sexual assault/sexual harassment charges" filed against Mr. Petty and determined that the interaction between Mr. Petty and the unnamed female AFGE member was "consensual." *Id*. ¶ 175.  AFGE adopted the Trial Committee's recommendation and suspended Mr. Petty from January 2022 to January 2024.  *See* Mem. Op., Dkt. No. 105 at 2–3.

In April 2024, his suspension now served, Mr. Petty announced his candidacy for an AFGE NVP position.  *Id*. at 3.  But AFGE informed Mr. Petty that he could not be a candidate because the AFGE Constitution required candidates to be a member in good standing for three consecutive years leading up to the date of nomination.  *Id*.  AFGE informed Mr. Petty that he would be ineligible to seek national office until January 2027.  *Id*.

Mr. Petty once again turned to this Court to override AFGE's management of its elections. On July 19, 2024, Mr. Petty moved for a preliminary injunction, requesting the Court order AFGE to: (1) accept his candidacy for NVP; (2) provide him with all documents provided to other candidates; (3) draft a letter of apology approved by Mr. Petty and distribute it to all AFGE members; (4) pay Mr. Petty's back pay and benefits, with interest, from going back to December 2021; (5) void the results of the December 2021 special election replacing Mr. Petty and reinstate him as District 9 NVP; and (6) pay Mr. Petty's attorneys' fees and costs.  Dkt. No. 79 at 8–10.

3

The Court referred Mr. Petty's motion for preliminary injunction to Magistrate Judge Moxila A. Upadhyaya for Report and Recommendation. Magistrate Upadhyaya determined that the only "time-sensitive" claims in Mr. Petty's motion were his requests that the Court order AFGE to (1) accept his candidacy in the AFGE election scheduled for August 12, 2024, and (2) provide Petty with all documents provided to other candidates in that election. Mem. Op., Dkt. No. 105 at 5. Magistrate Upadhyaya then recommended that the Court deny Mr. Petty's request for preliminary relief, finding that Mr. Petty did not show a likelihood of success on the merits and did "not come close to making" the required showing for irreparable harm. *See generally id*. The Court adopted Magistrate Upadhyaya's recommendation in full and denied Mr. Petty's motion for preliminary relief. *Id*.

* * *

Mr. Petty styles his present motion as a Motion for Preliminary Injunction Renewed. Dkt. No. 133. Here, style reveals substance, as Mr. Petty's current request for preliminary relief practically mirrors his 2024 request.

Mr. Petty's Renewed Motion involves his latest effort to run for NVP of AFGE District 9. Mr. Petty states that he "announced his candidacy" on March 10, 2026, and requested a variety of information from AFGE's National Secretary-Treasurer. Pl.'s Mot., at 3; Pl.'s Mot. Ex. B. Mr. Petty claims that AFGE has not responded to his request despite being "constitutionally required" to make the requested information available to candidates, nor have they "confirmed Plaintiff's eligibility." Pl.'s Mot., at 3. Accordingly, because the AFGE District 9 Caucus is scheduled for May 2, 2026, Mr. Petty has filed his Renewed Motion requesting "(1) an order requiring Defendants to treat Plaintiff as eligible and include him on the ballot as a candidate for [NVP] for District 9 in the May 2, 2026 Caucus; and (2) an order requiring Defendants to provide Plaintiff

4

the same campaign access afforded to other candidates, including the delegate and voting-strength information he timely requested."  Pl.'s Mot., at 3.

## II.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24 (2008)).  To obtain a preliminary injunction, a plaintiff must establish that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of a preliminary injunction; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.  *Winter*, 555 U.S. at 20.  The plaintiff bears the burden of persuasion with respect to each factor.  *See Guedes v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 920 F.3d 1, 10 (D.C. Cir. 2019).

A court may deny a motion for preliminary injunction "without further inquiry" if the plaintiff fails to establish irreparable harm or likelihood of success on the merits.  *See Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 205 F. Supp. 3d 4, 26 (D.D.C. 2016) (JEB); *Greater New Orleans Fair Hous. Action Ctr. v. U.S. Dep't of Hous. & Urb. Dev.*, 639 F.3d 1078, 1089 (D.C. Cir. 2011) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98 (1998)) (explaining that courts need not consider the other factors when a plaintiff has not shown a likelihood of success on the merits, and that "a court may turn to the merits without considering the jurisdictional issue[s]" if "the outcome on the merits is 'foreordained' by another ruling, such that 'the pretermission of the jurisdictional question [is not used] as a device for reaching a question of law that otherwise would have gone unaddressed'"); *CityFed Fin. Corp. v. Off. of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)) (because the "basis of injunctive relief in the federal courts has always been irreparable

harm," a failure to show "irreparable injury . . . alone is sufficient" to deny a plaintiff's request for preliminary injunction).

Moreover, where "the injunction requested is a mandatory one that would require defendant to undertake 'some positive act,' the movant 'must meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from the denial of the injunction.'" *Sai v. Transportation Sec. Admin.*, 54 F. Supp. 3d 5, 8 (D.D.C. 2014) (ESH) (quoting *Columbia Hosp. for Women Found., Inc. v. Bank of Tokyo–Mitsubishi Ltd.*, 15 F.Supp.2d 1, 4 (D.D.C. 1997)).

### III.

Mr. Petty has not shown that he is entitled to the "extraordinary remedy" of a preliminary injunction. *Winter*, 555 U.S. at 22, 24. Mr. Petty's Renewed Motion impermissibly relies on material outside of his Amended Complaint, fails to show that he is likely to succeed on the merits, and fails to show that he is likely to suffer irreparable harm absent injunctive relief. Accordingly, the Court shall deny his Renewed Motion.

As an initial matter, Mr. Petty's Renewed Motion places great emphasis on claims that are not raised in his Amended Complaint. *See* Pl.'s Mot., at 3 (new allegations regarding 2026 candidacy); *id*. at 5 (new allegation regarding 2025 EEOC right-to-sue letter); *id*. at 10 (new allegation regarding his service as a delegate at the 2024 National Convention). Allegations not raised in the pleadings "may not be the subject of preliminary injunctive relief since plaintiff can show no likelihood of success on a claim that is not even asserted." *New York Times Co. v. Def. Health Agency*, No. 21-CV-566 (BAH), 2021 WL 1614817, at *4 n. 6 (D.D.C. Apr. 25, 2021) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (finding that "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," but declining to grant relief where the requested injunction

6

"deals with a matter wholly outside the issues in the suit" and so "in no circumstances can be dealt with in any final injunction that may be entered")).

Furthermore, much like his previous motion for preliminary relief, Mr. Petty's Renewed Motion fails to make an adequate showing that he is likely to succeed on the merits. Mr. Petty spends most of his Renewed Motion arguing—without much factual or legal support—that the Court has jurisdiction over his claims. *See* Pl.'s Mot., at 4–6. Mr. Petty's argument regarding his likelihood of success on the substance of his claims consists of nothing more than a short paragraph of conclusory statements. *See* Pl.'s Mot., at 11. "Conclusory statements of what has occurred without factual support is insufficient to justify the extraordinary remedy of a preliminary injunction." *United States v. Sum of $70,990,605*, 991 F. Supp. 2d 154, 164 (D.D.C. 2013) (citing *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Even assuming, *arguendo*, that Mr. Petty's jurisdictional arguments were sufficiently non-conclusory—even assuming they were correct, for that matter—Mr. Petty would still be unable to show a likelihood of success on the merits given the dearth of support for his substantive merits argument. Accordingly, the Court shall deny Mr. Petty's Renewed Motion because it fails to establish a likelihood of success on the merits. *See Greater New Orleans Fair Hous. Action Ctr.*, 639 F.3d at 1089 (quoting *Steel Co.*, 523 U.S. at 98) (explaining that courts need not consider the other factors when a plaintiff has not shown a likelihood of success on the merits, and that "a court may turn to the merits without considering the jurisdictional issue[s]" if "the outcome on the merits is 'foreordained' by another ruling, such that 'the pretermission of the jurisdictional question [is not used] as a device for reaching a question of law that otherwise would have gone unaddressed'").

Although Mr. Petty's failure to show a likelihood of success on the merits is sufficient to deny his Renewed Motion, the Court notes that Mr. Petty's Renewed Motion suffers from an

additional defect of the same magnitude: a failure to show irreparable harm. *See Standing Rock Sioux Tribe*, 205 F. Supp. 3d at 26. Mr. Petty's Renewed Motion fails to establish irreparable harm because it relies on one sentence of conclusory allegations. Pl.'s Mot., at 12. This is the same defect that the Court found with Mr. Petty's prior motion for preliminary relief, although that motion provided five conclusory sentences rather than just one. *See* Dkt. No. 98 at 16. While the election context can certainly give rise to irreparable harm, that context does not relieve Mr. Petty of his duty to submit "competent evidence into the record . . . that would permit the Court to assess whether he, in fact, faces irreparable harm to his professional life if an injunction is not issued." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 102 (D.D.C. 2014) (JDB) (cleaned up); *see also Wisconsin Gas Co.*, 758 F.2d at 674 ("Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will in fact occur. The movant must provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future."). Accordingly, the Court shall deny Mr. Petty's Renewed Motion because, in addition to its failure to establish a likelihood of success on the merits, it fails to show that Mr. Petty is likely to suffer irreparable harm.

IV.

For the foregoing reasons, it is hereby **ORDERED** that Mr. Petty's [133] Motion for Preliminary Injunction Renewed is **DENIED**. A separate Order shall accompany this Memorandum Opinion.

**SO ORDERED.**

**Dated:** April 3, 2026

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

8